FILE COPY

FILED

2008 JUN -3  PM 3: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  DAVID R. WEINSTEIN (State Bar No. 082881)
   CHRISTINA ERICKSON (State Bar No. 231570)
2  WEINSTEIN, WEISS & ORDUBEGIAN LLP
   1925 Century Park East, Suite 1150
3  Los Angeles, California 90067-2712
   Telephone (310) 203-9393
4  Facsimile (310) 203-8110
   dweinstein@wwolawyers.com
5  sweiss@wwolawyers.com

6  JERRY KAPLAN (State Bar No. 49142)
   DAVID SCOTT KADIN (State Bar No. 90586)
7  KAPLAN, KENEGOS & KADIN
   9150 Wilshire Boulevard #175
8  Beverly Hills, CA 90212
   Telephone: (310) 859-7700
9  Facsimile: (310) 859-7773

10  Attorneys for Movants

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
                    WESTERN DIVISION

| | |
|---|---|
| 13  In re | Case No. CV08-03618 GPS |
| 14  RODEO CANON DEVELOPMENT | Judge _____ |
| 15  CORP., | (Bankruptcy case number 2:99-bk-49349-VZ, a Chapter 7 case) |
| 16          Debtor. | |
| 17 | |
| 18  FRED YASSIAN, et al., | (Adversary case No. 2:03-ap-02072-VZ) |
| 19          Plaintiffs, | MOTION TO WITHDRAW THE REFERENCE OF PLAINTIFFS' APPLICATION FOR ORDER TO SHOW CAUSE WHY THE IRS AND IRS AGENT STEVEN BERRYMAN SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO RESPOND TO SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CHRISTINA ERICKSON IN SUPPORT |
| 20          v. | |
| 21  ROBERT D. PRYCE, et al., | |
| 22          Defendants. | |
| 23 | |
| 24 | |
| 25 | Date and Time of Hearing |
| 26 | DATE:   ~~TBD~~ June 23, 2008 |
| 27 | TIME:   ~~TBD~~ 1:30 PM |
|    | PLACE:  312 N. Spring Street |
|    |         Los Angeles, CA 90012 |
| 28 |         7, 2nd Floor |

H:\home\CLIENT\1417\Yassian v. Pryce\03.02072_1417.033 Mtn to Withdraw the Reference v2.doc

1

## TABLE OF CONTENTS

2
Page

3   MEMORANDUM OF POINTS AND AUTHORITIES ...................... 4

4   I.    INTRODUCTION ................................................ 4

5   II.   STATEMENT OF FACTS ......................................... 5

6   III.  PRIOR MOTIONS TO WITHDRAW THE REFERENCE TO THE
        DISTRICT COURT ............................................. 7

7
8   IV.   ARGUMENT .................................................... 8

9         A.    The Motion to Compel Should Be Withdrawn Based Upon
                the Mandatory Withdrawal Provisions of 28 U.S.C. §157(d) ........ 8

10        B.    Alternatively, the Motion to Compel Should be Withdrawn
                Based Upon the Permissive Withdrawal Provisions of 28
11              U.S.C. §157(d) ...................................... 10

12              a.    The Motion to Compel Is A Non-Core
                      Proceeding ................................... 10

13
14              b.    There is Cause to Withdraw the Reference of
                      the Motion to Compel ......................... 12

15  V.    CONCLUSION .................................................. 14

16  DECLARATION OF CHRISTINA ERICKSON ......................... 15

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page

## CASES

*In re Castlerock Properties,*
        781 F.2d 159 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Cinematronics, Inc.,*
        916 F.2d 1444 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Exxon Shipping Company v. United States Department of Interior,*
        34 F.3d 774 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 14

*Ho v. United States,* 374 F.Supp.2d 82 (D. D.C. 2005) . . . . . . . . . . . . . . . . 13

*Orion Pictures Corporation v. Showtime Networks, Inc.,*
        4 F.3d 1095 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Stratton v. Garcia,*
        2007 WL 512506 (E.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Security Farms v. Int'l Brotherhood of Teamsters,*
        *Chauffers, Warehousemen & Helpers,*
        124 F.3d 999 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11-12

*United States ex rel. Touhy v. Ragen,*
        340 U.S. 462, 71 S. Ct. 416 (1951) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## STATUTES

5 U.S.C.
        § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9
        § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

11 U.S.C.
        § 157(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C.
        § 157(b)(5)(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        § 157(b)(5)(d)(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        § 157(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        § 157(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Fed.R.Civ.P.
        Rule 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed.R.Crim.P.
        Rule 6e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

Local Bankruptcy Rule
        Rule 8018-6.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        Rule §6.1, 7-17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1   TO:   THE UNITED STATES DISTRICT COURT; THE IRS; STEVEN

2          BERRYMAN; AND ALL INTERESTED PARTIES:

3          Movants Fred Yassian, Beverly Rodeo Development Corporation

4   ("Beverly"), and 9615 Brighton Way, (collectively, the "Yassian Parties") will move

5   and hereby do move this Court to enter an order withdrawing the reference of the

6   motion entitled *Plaintiffs' Application for Order to Show Cause Why the IRS and*

7   *IRS Agent Steven Berryman Should Not Be Held in Contempt For Failure to*

8   *Respond to Subpoenas* (the "Motion to Compel"), which was filed by the Yassian

9   Parties in the case *Fred Yassian, et al. v. Robert D. Pryce, et al.*, case number 2:03-

10  02072-VZ (the "Adversary Case").  This motion (the "Motion to Withdraw the

11  Reference") is based upon both the permissive and mandatory withdrawal

12  provisions of 28 U.S.C. §157(d).

13         The Motion to Withdraw the Reference should be granted because: (i) the

14  Internal Revenue Service ("IRS") represented to Judge Anderson of the District

15  Court that it did not testify at the grand jury proceedings involving Robert D. Pryce -

16  and Judge Anderson relied upon this representation - which is directly contrary to

17  the asserted reasons why the IRS would not comply with the subpoenas, namely that

18  its representatives testified before the grand jury and enjoyed a grand jury privilege;

19  (ii)  withdrawal of the Motion to Compel will conserve judicial resources and

20  prevent additional delays and costs to the parties, (iii) the Motion to Compel

21  involves the application of federal, non-bankruptcy law, including the

22  Administrative Procedures Act of 5 U.S.C. §§ 702 and 706, and (iv) the Motion to

    Compel is a non-core proceeding.

23         The Yassian Parties make this Motion to Withdraw the Reference on the

24  grounds set forth in this motion, the attached Memorandum of Points and

25  / / /

26

27

28

-2-

1   Authorities, the Declaration of David R. Weinstein in support thereof, the Request

2   for Judicial Notice filed concurrently herewith, the Court's file, and any evidence

3   that may be presented at the time of the hearing.

4

5   DATED: June   2 , 2008          WEINSTEIN, WEISS & ORDUBEGIAN LLP

6

7

8          By

9              DAVID R. WEINSTEIN
               CHRISTINA ERICKSON
10         Attorneys for movants Fred Yassian, Beverly
           Rodeo Development Corporation, and 9615
11         Brighton Way

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Yassian Parties are embroiled in litigation in the bankruptcy court (subject to numerous appeals) arising from the criminal acts of Robert Pryce, a former bankruptcy trustee now serving time in federal prison. The IRS criminal division investigated Pryce and, together with the Federal Bureau of Investigation ("FBI"), eventually secured a conviction against him. *See* Request for Judicial Notice, Exhibit "1".

After numerous twists and turns in the litigation, the Yassian Parties served subpoenas on the IRS and Special Agent Steven Berryman ("Agent Berryman") on December 14, 2007. They refused to produce records or appear for deposition, even long after Pryce's criminal conviction, primarily asserting that because they had testified before a federal grand jury, they had the protection of the grand jury privilege of Federal Criminal Procedure Rule 6(e). Putting aside a substantial question of whether the grand jury experience warranted refusal to appear as third-party witnesses in non-criminal litigation, the Yassian Parties filed a motion in the United States District Court on February 21, 2008 seeking authorization from the court to review grand jury protected information ("Grand Jury Motion"). The IRS thereupon induced the Honorable Percy Anderson to deny the motion, representing that there are no grand jury transcripts to disclose because they never appeared or testified before the grand jury. Thus, the representations to Judge Anderson in March 2008 directly contradict the representations underlying the IRS and Agent Berryman's refusal to comply with the subpoenas in the first place. It is apparent that there is <u>no</u> justification for refusing to honor valid subpoenas and that the IRS and Agent Berryman should be held accountable for their contemptuous gamesmanship.

## II.

## STATEMENT OF FACTS

The Yassian Parties began the Adversary Case on July 2, 2003, but the pleadings have been amended several times since then and the most current complaint for the Adversary Case was filed on February 12, 2007. *See* Request for Judicial Notice, ¶ 10. The most current complaint, the Seventh Amended Complaint, asserts thirteen claims for relief against twenty one defendants, and the Yassian Parties demanded a jury trial as to all issues triable to a jury.

Shortly after the time period for discovery began as to the Seventh Amended Complaint, the Yassian Parties prepared subpoenas duces tecum and served them upon the IRS, Agent Berryman, and others. *See* Declaration of Christina Erickson ("Erickson Declaration"), ¶ 2. The IRS refused to comply with the subpoenas, or to allow Agent Berryman to comply with the subpoena served upon him personally, claiming that the documents and testimony of the IRS and Agent Berryman are protected by the grand jury privilege of Federal Rule of Criminal Procedure 6(e). *See* Erickson Declaration, ¶¶ 3 - 8.

Relying upon the IRS's representations and informal assertion of the grand jury privilege, and notwithstanding bona fide doubt about the effect of Rule 6(e) on this case, on February 21, 2008, the Yassian Parties filed their *Motion for Disclosure of Grand Jury Transcripts (Fed. R. Crim. Procedure 6(e))* ("Grand Jury Motion") before the Honorable Percy Anderson, the same District Court Judge that presided over the criminal cases brought against Robert D. Pryce, former bankruptcy trustee of the bankruptcy estate of *In re Rodeo Canon Development Corporation. See* Erickson Declaration, ¶¶ 9 - 10; *see also* Request for Judicial Notice, Exhibit "5". In

/ / /

/ / /

/ / /

1   the Grand Jury Motion, the Yassian Parties sought an order allowing them to review
2   the transcripts of any grand jury testimony that Agent Berryman gave.[1]

3        The United States Attorney filed an opposition to the Grand Jury Motion and
4   represented to the court that the requested grand jury transcripts could not be
5   disclosed because they did not exist – that Agent Berryman never testified before
6   the grand jury. *See* Request for Judicial Notice, Exhibit "6". Relying on this
7   representation, Judge Anderson denied the Grand Jury Motion. The IRS cannot now
8   continue to evade the Yassian Parties' subpoenas on the basis of a grand jury
9   privilege they have represented to the court does not exist.

10        On May 27, 2008, the Yassian Parties filed a motion entitled *Plaintiffs'*
11   *Application for Order to Show Cause Why the IRS and IRS Agent Steven Berryman*
12   *Should Not Be Held in Contempt For Failure to Respond to Subpoenas* (the "Motion
13   to Compel") in the Adversary Case before the bankruptcy court. *See* Request for
14   Judicial Notice, Exhibit "7". The Motion to Compel seeks an order requiring the
15   IRS and Agent Berryman to comply with the subpoenas duces tecum that the
16   Yassian Parties served upon the IRS and Agent Berryman (the "IRS Parties") as part
17   of the Adversary Case.

18        In the Motion to Compel, the Yassian Parties argue that the IRS Parties
19   refused to provide a proper response to the subpoenas and even misled the Yassian
20   Parties by falsely claiming that the IRS Parties were prohibited from complying with
21   the subpoenas dues to the federal grand jury privilege of Federal Rule of Criminal
22   Procedure 6(e). The Yassian Parties only learned that the IRS Parties' claim was
23   false because of the Grand Jury Motion and the government's sworn representations
24   that the transcripts do not exist, which induced the court to deny the Grand Jury

---

[1]      The Grand Jury Motion sought permission only to review the transcripts of grand jury testimony given by
Agent Berryman, FBI special agent Craig Howland, and Bijan Chadorchi. If any information found in the transcripts
was relevant to the Seventh Amended Complaint, the Yassian Parties proposed to file a second motion seeking court
authority to disclose that information publicly.

1  Motion. The Motion to Compel is based upon Federal Rule of Civil Procedure 45,

2  and the administrative review statutes of 5 U.S.C. §§ 702 and 706.

3       The IRS Parties have inexplicably refused to comply with the properly issued

4  and served subpoenas and this motion seeks review of that conduct by this District

5  Court because the District Court has the most direct knowledge and history of the

6  Grand Jury Motion.

7  **III.**

8  **PRIOR MOTIONS TO WITHDRAW THE REFERENCE TO THE**

9  **DISTRICT COURT**

10       On or about October 14, 2005, the Yassian Parties filed a *Motion to Withdraw*

11  *Reference to Bankruptcy Court [28 U.S.C. § 157(b)(5)(d); Local Rule 8018-6.1]*

12  with the United States District Court, seeking to withdraw the Adversary Case to the

13  District Court because of the tort claims asserted in the Adversary Case. The

14  motion was designated case number CV-05-07429-GHK and was assigned to the

15  Honorable George H. King. Judge King denied the motion on November 8, 2005,

16  finding it warranted but premature because, at the time, the Adversary Case was

17  splintered into three parts: one defendant constituency had appealed a dismissal to

18  the Bankruptcy Appellate Panel but did not challenge reinstatement of the lawsuit; a

19  second defendant constituency sought to appeal reinstatement of the lawsuit to the

20  Ninth Circuit Court; and a third defendant constituency had not participated in the

21  appeals at all. *See* Request for Judicial Notice, Exhibit "3".

22       On April 18, 2006, the Yassian Parties filed a *Renewed Motion to Withdraw*

23  *Reference to Bankruptcy Court [28 U.S.C. §§157(b)(5)(d)(e); Local Rule §6.1, 7-*

24  *17]* under the same case number, CV-05-07429-GHK. This motion was different

25  because it sought the withdrawal of both the Adversary Case and a related adversary

26  case, *Beverly Rodeo Development Corporation v. Bijan Chadorchi, et al.*, case

27  number 2:04-ap-02876-VZ. On April 27, 2006, Judge King recused himself from

28

1  that proceeding and transferred it to the Honorable George P. Schiavelli.  Judge

2  Schiavelli reconfirmed that the tort claim in the Adversary Case was appropriate for

3  withdrawal, but ruled that the Adversary Case should remain in the bankruptcy court

4  until the proceedings were closer to trial.  *See* Request for Judicial Notice, Exhibit

5  "4".

6         This Motion to Withdraw the Reference requests that the Court withdraw the

7  reference of only the Motion to Compel relative to non-compliance with subpoenas

8  by agents of the federal government and not the entire Adversary Case.  The

9  Yassian Parties are <u>not</u> seeking reconsideration of either Judge King or Judge

10 Schiavelli's previous orders.

11                                        **IV.**

12                                  **ARGUMENT**

13        The reference of the Motion to Compel should be withdrawn to the District

14 Court because the District Court is uniquely qualified to hear it, as it was the District

15 Court that relied upon the government's assertion that Agent Berryman never

16 testified to the grand jury, and because the determination of the Motion to Compel

17 involves substantial interpretations of federal administrative law, other than the

18 Bankruptcy Code.

19  A.   <u>**The Motion to Compel Should Be Withdrawn Based Upon the**</u>

20       <u>**Mandatory Withdrawal Provisions of 28 U.S.C. §157(d).**</u>

21        The Court is required to withdraw the reference of a proceeding if the

22 proceeding substantially involves the application of non-bankruptcy federal law:

23 "The district court shall, on timely motion of a party, so withdraw a proceeding if

24 the court determines that resolution of the proceedings requires consideration of

25 both title 11 and other laws of the United States regulating organizations or

26 activities affecting interstate commerce."  28 U.S.C. §157(d).

27

28

1      The Motion to Compel is based upon the Federal Rules of Civil Procedure

2 and upon 5 U.S.C. §§ 702 and 706, and it can easily be separated from the

3 Bankruptcy Case.  The Motion to Compel is essentially a discovery fight with the

4 federal government in which the Yassian Parties have properly requested that

5 documents and information be produced by the IRS and Agent Berryman, but the

6 IRS Parties have refused to honor the subpoenas, going so far as to make blatantly

7 inconsistent representations to justify their actions, including what was possibly a

8 false representation to the Honorable Percy Anderson.  In the Motion to Compel, the

9 Yassian Parties argue that the IRS has refused to respond to the subpoena, and

10 refused to allow Agent Berryman to respond to the subpoena, without ever giving a

11 proper response, and the IRS is now in contempt of court.  The Yassian Parties also

12 argue that they have already complied with the departmental regulations of the IRS

13 in requesting the production of documents and testimony, and, based upon 5 U.S.C.

14 §§ 702, 706 and *Exxon Shipping Company v. United States Department of Interior*,

15 34 F.3d 774, the IRS cannot use departmental regulations to deny access to

16 documents and information to the Yassian Parties.

17      "The Ninth Circuit has stated in dictum that mandatory withdrawal of the

18 reference hinged 'on the presence of substantial and material questions of federal

19 law.'" *Stratton v. Garcia*, 2007 WL 512506 (E.D. Cal. 2007) quoting *Security

20 Farms*, 124 F.3d 999, 1008 n.4 (9th Cir. 1997).  The Motion to Compel meets this

21 standard because the issue of enforcing the subpoenas against the IRS Parties will

22 involve the application of federal administrative law as well as the law of federal

23 civil procedure.  This proceeding is especially suited for withdrawal because the

24 responding party to the motion is a department of the United States government and

25 because no issues of bankruptcy law are involved.

26 ///

**B.** **Alternatively, the Motion to Compel Should be Withdrawn Based Upon the Permissive Withdrawal Provisions of 28 U.S.C. §157(d).**

If the Court decides that withdrawal of the Motion to Compel is not mandatory, the Court may still decide to grant the Motion to Withdraw the Reference in its discretion and for cause based upon permissive withdrawal. *See* 28 U.S.C. §157(d) ("[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown").

**a.** **The Motion to Compel Is A Non-Core Proceeding.**

"A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn…" *Orion Pictures Corporation v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2nd Cir. 1993). A core proceeding is a proceeding that involves substantial questions of federal bankruptcy law, including,

> (A) matters concerning the administration of the estate;
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
> (C) counterclaims by the estate against persons filing claims against the estate;
> (D) orders in respect to obtaining credit;
> (E) orders to turn over property of the estate;
> (F) proceedings to determine, avoid, or recover preferences;
> (G) motions to terminate, annul, or modify the automatic stay;
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;
> (I) determinations as to the dischargeability of particular debts;
> (J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;
(L) confirmations of plans;
(M) orders approving the use or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against person who have not filed claims against the estate;
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

11 U.S.C. §157(b)(2).

This is a non-exhaustive list, and the classification of any issues not described in the above are subject to an analysis of various factors, "such as whether the rights involved exist independent of title 11, depend on state law for their resolution, existed prior to the filing of a bankruptcy petition, or were significantly affected by the filing of the bankruptcy case." *In re Cinematronics, Inc.*, 916 F.2d 1444, 1450 n.6 (9th Cir. 1990). In comparison, non-core proceedings are "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court". *See Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997), citing *In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986).

The Motion to Compel does not easily fit into the enumerated core proceedings stated above, nor does it match the factors that generally describe a core proceeding. The Motion to Compel is a non-core proceeding because it involves the enforcement of a subpoena against the federal government and as a third party witness to the Adversary Case, and the right to compel a third party to comply with a subpoena is a right that exists independent of title 11 (the "Bankruptcy Code"). The Motion to Compel is not a typical action to enforce a subpoena in an adversary

1 | case, it is also inextricably linked to the Grand Jury Motion that was filed in the
2 | District Court and the representations made to the District Court as to that motion.
3 |     The Motion to Compel is based upon Federal Rule of Civil
4 | Procedure 45, which has been adopted for use in the bankruptcy courts, but is not
5 | part of the Bankruptcy Code. The Motion to Compel is also based upon Title 5 of
6 | the United States Code, which is a statute that also exists independent of the
7 | Bankruptcy Code and provides remedies that are separate from the Bankruptcy
8 | Code. The Motion to Compel is essentially a discovery dispute that will be resolved
9 | based upon the Federal Rules of Civil Procedure and federal administrative law and
10 | that is strongly connected to the Grand Jury Motion heard by the District Court.
11 |     As a non-core proceeding, the bankruptcy court's determination of
12 | the Motion to Compel will be subject to *de novo* review by the District Court. The
13 | bankruptcy courts have derivative power from the district courts and may hear
14 | matters that are both core proceedings and non-core proceedings; however, non-core
15 | proceedings are proceedings "which the bankruptcy court may hear but for which it
16 | may only submit proposed findings of facts and conclusions of law to the district
17 | court for *de novo* review." *Security Farms*, 124 F.3d at 1008; see also 28 U.S.C.
18 | §157(c)(1). Since this is a question of law, handling this as non-core, to the District
19 | Court in the first instance will save time as well.

    **b.**   <u>**There is Cause to Withdraw the Reference of the Motion to Compel.**</u>

    In deciding whether cause exists for permissive withdrawal of a proceeding, the Court should consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms*, 124 F.3d 999 at 1008. All of these factors support a decision to permissively withdraw the reference of the Motion to Compel.

-12-

H:\home\CLIENT\1417\Yassian v. Pryce\03.02072_1417.033 Mtn to Withdraw the Reference v2.doc

1   　　　　The District Court is the court with the direct history and knowledge

2   of the main facts involved in the Motion to Compel, because the District Court

3   heard the Grand Jury Motion, and it was to the District Court that the government

4   made the representation that the IRS and Agent Berryman never testified before the

5   grand jury.  The Motion to Compel is entwined with the Grand Jury Motion and it

6   would conserve judicial resources to have the same court, the court with direct

7   knowledge of the Grand Jury Motion, also hear and decide the Motion to Compel.

8   Also, as a non-core matter, the bankruptcy court's decision upon the Motion to

9   Compel will be subject to *de novo* review by the District Court regardless.

10   　　　　Withdrawal of the Motion to Compel will not delay the Adversary

11   Case, nor will it cause additional costs to the parties.  At present, the Adversary

12   Case is more or less paused, as the parties are awaiting decisions in several appellate

13   cases.[2]  *See* Request for Judicial Notice, Exhibit "2".  Further, the Motion to Compel

14   is such a distinct discovery dispute that it could be withdrawn to the District Court

15   and could proceed concurrently with proceedings in the Adversary Case before the

16   bankruptcy court.  There will be no additional costs to the parties because the

17   Motion to Compel, as the parties to the Adversary Case are not involved in the

18   Motion to Compel, with the exception of the Yassian Parties.

19   　　　　Withdrawal does not encourage forum shopping because cases

20   reviewing and enforcing subpoenas against the United States government based

21   upon 5 U.S.C. §702 were traditionally required to be filed in the district courts as

22   collateral proceedings.  *See* 5 U.S.C. §702; *see also United States ex rel. Touhy v.*

23   *Ragen,* 340 U.S. 462, 467-69, 71 S. Ct. 416 (1951); *see also Ho v. United States,*

24   374 F.Supp.2d 82 (D. D.C. 2005).  Recently, the Ninth Circuit held that parties are

25   also permitted to file motions to compel government compliance with a subpoena in

26   

27   [2]   The Adversary Case has been stayed by order of the Bankruptcy Court, pursuant to a motion requesting a stay of the case that was filed by four of the defendants to the Adversary Case.  The order staying the Adversary Case specifically does not apply to, nor does it inhibit, the Yassian Parties' efforts to enforce the government subpoenas or

28   obtain grand jury transcripts.

H:\home\CLIENT\1417\Yassian v. Pryce\03.02072_1417.033 Mtn to Withdraw the Reference v2.doc

the underlying case. *See Exxon Shipping Co.*, 34 F.3d 774 ("we acknowledge that collateral APA proceedings can be costly, time-consuming, inconvenient to litigants, and may 'effectively eviscerate' any right to the requested testimony").

Because of the unique nature of the Motion to Compel being asserted against the IRS, a non-party to the Adversary Case, and because of the Motion to Compel's close relation to the Grand Jury Motion, the Court should exercise its discretion to withdraw the reference of the Motion to Compel to the District Court.

**V.**

**CONCLUSION**

The Court should withdraw the Motion to Compel under either the permissive or mandatory withdrawal standards because the Motion to Compel is a non-core proceeding, it is based substantially on non-bankruptcy, federal law, and because it will promote judicial efficiency and uniformity to have the Motion to Compel heard by the District Court, which also heard and decided the Grand Jury Motion.

DATED: June _2_, 2008          WEINSTEIN, WEISS & ORDUBEGIAN LLP


By _____
DAVID R. WEINSTEIN
CHRISTINA ERICKSON
Attorneys for movants Fred Yassian, Beverly
Rodeo Development Corporation, and 9615
Brighton Way

## DECLARATION OF CHRISTINA ERICKSON

I, Christina Erickson, declare as follows:

1.      I am an attorney at law, duly admitted to practice before the United States Bankruptcy Court.  I am an associate at Weinstein, Weiss & Ordubegian LLP ("WWO"), counsel of record to the plaintiffs, Fred Yassian ("Yassian"), Beverly Rodeo Development Corporation ("Beverly"), and 9615 Brighton Way (the "Partnership").  I have personal knowledge of the facts stated below, except where noted, and in those cases believe them to be true to the best of my knowledge.  If called as a witness to these proceedings, I could and would competently testify thereto.

2.      On behalf of the Yassian Parties, I caused a number of subpoenas to be served during the week of December 10, 2007.  Two of those subpoenas were addressed to the Internal Revenue Service ("IRS") and to one of its special agents, Steven Berryman ("Agent Berryman").  Both the IRS Subpoena and the Berryman Subpoena were served upon Agent Berryman on December 14, 2007.  Witness fees and mileage reimbursement were served at the same time as the subpoenas.

3.      On December 14, 2007, Agent Berryman called me and stated that he had received both subpoenas and that he would forward them on to Jean Song, counsel for the IRS.

4.      On December 21, 2007, the IRS sent two letters to me, one for each subpoena, stating that the IRS could not produce income tax return information without authorization from the tax filer and that the IRS did not have to comply with the subpoenas because the IRS was not an interested party in the Adversary Case.

5.      On January 4, 2008, a representative from the IRS named Amelia Rasone called me and stated that no one would be attending the scheduled depositions on behalf of the IRS and that no documents would be produced.

6.      On January 9, 2008, I exchanged several telephone calls with Jean Song, counsel for the IRS.  Ms. Song stated that the IRS Subpoena and the Berryman Subpoena were deficient because the Yassian Parties had not complied

1   with the "*Touhy* Regulations" found in 28 C.F.R. §16.22 through §16.26.  Ms. Song
2   also stated that Agent Berryman's testimony was protected by the grand jury
3   privilege of Federal Rule of Criminal Procedure 6(e), and that, should agent
4   Berryman be permitted to appear for a deposition, the only testimony he would be
5   permitted to give would be his name and occupation, as everything else would be
6   subject to the grand jury privilege.

7          7.     On January 18, 2008, I submitted another letter to the IRS, formally
8   and officially complying with the *Touhy* Regulations and requesting that documents
9   be produced and that the depositions be rescheduled to a date that was mutually
    convenient for the Yassian Parties and the IRS.
10         8.     I have received no response to this letter and I believe that the IRS is
11  willfully refusing to comply with the IRS Subpoena, and willfully refusing to allow
12  special agent Berryman to comply with the Berryman Subpoena.
13         9.     Based upon the IRS's representation that Agent Berryman's deposition
14  testimony would be protected by the grand jury privilege, WWO filed a *Motion for*
15  *Disclosure of Grand Jury Transcripts (Fed. R. Crim. Procedure 6(e))* ("Grand Jury
16  Motion") with the United States District Court, seeking court authorization to
17  review the transcripts of grand jury testimony given by Agent Berryman, FBI
18  special agent Craig Howland, and Bijan Chadorchi.
19         10.    This motion was filed before the same judge that presided over the
20  criminal case of Robert D. Pryce, Judge Percy Anderson.
21         11.    I attended the hearing on the Grand Jury Motion on March 31, 2008.
22  At that hearing, Judge Anderson denied the Grand Jury Motion because the
23  government represented to the court that Agent Berryman did not testify to the
    grand jury.
24  / / /
25  / / /
26  / / /
27  / / /
28

1       12.    No reply of the IRS or Agent Berryman has ever suggested that Agent

2   Berryman does not possess potentially relevant information to the Adversary Case.

3       I declare under penalty of perjury under the laws of the United States of

4   America that the foregoing is true and correct.

5       Executed this _2_ day of June 2008, at Los Angeles, California.

6

7                                      CHRISTINA ERICKSON

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

# DECLARATION OF SERVICE BY MAIL

I, Claudean Brandon, the undersigned, hereby declare:

I am employed in the County of Los Angeles, State of California by the firm of WEINSTEIN, WEISS & ORDUBEGIAN LLP, 1925 Century Park East, Suite 1150, Los Angeles, California 90067-2712. I am over the age of 18 and not a party in the within action.

On June ___2___, 2008, I caused to be served the foregoing document described as

MOTION TO WITHDRAW THE REFERENCE OF PLAINTIFFS' APPLICATION FOR ORDER TO SHOW CAUSE WHY THE IRS AND IRS AGENT STEVEN BERRYMAN SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO RESPOND TO SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CHRISTINA ERICKSON IN SUPPORT

by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

[SEE ATTACHED SERVICE LIST]

( x )   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in the United States mailed at Los Angeles, California.

(   )   Via Fax, I caused the above-referenced document(s) to be transmitted to the above-named persons.

(   )   Via Messenger Delivery

(   )   Via Overnight Mail

(   )   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( x )   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June __2__, 2008 at Los Angeles, California.

CLAUDEAN BRANDON

| | |
|---|---|
| <u>Attorneys for Chadorchis</u><br>David M. Stern<br>Klee, Tuchin, Bogdanoff & Stern LLP<br>1999 Avenue of the Stars 39th Floor<br>Los Angeles, CA 90067 | <u>Attorneys for David Perry and Danny Perry</u><br>John D. Wilson<br>Schwartz, Wisot & Wilson<br>1875 Century Park East #850<br>Los Angeles, CA 90067 |
| <u>Attorneys for Pryce, Parker & Hill, LLP,</u><br><u>Robert D. Pryce and Charlie Hill</u><br>David R. Haberbush<br>Haberbush & Associates LLP<br>444 West Ocean Boulevard #1400<br>Long Beach, CA 90802 | <u>Attorneys for William Warnick and Ann</u><br><u>Warnick, as Trustees of the William and</u><br><u>Allan Warnick Family Living Trust; Allan</u><br><u>Warnick and Jill Warnick</u><br>Louis J. Khoury<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067-2326 |
| <u>Attorneys for Nelson Shelton & Associates</u><br><u>Inc. and Susan Del Prete</u><br>Peter T. Steinberg<br>Steinberg, Nutter & Brent<br>23801 Calabasas Road Suite 2031<br>Calabasas, CA 91302 | <u>Attorney for IRS</u><br>Jean Song<br>Internal Revenue Service<br>300 N. Los Angeles Street, Room 3018<br>Los Angeles, CA  90012 |
| <u>In Pro Per: Dwight Scorza and Scorza and</u><br><u>Sons Construction Services</u><br>Dwight Scorza<br>Scorza & Sons<br>13620 Arcturus Avenue<br>Gardena, CA 90249 | Alan D. Sibarium<br>Executive Office for U.S. Trustees<br>Office of the General Counsel<br>Department of Justice<br>20 Massachusetts Ave., N.W., #8000<br>Washington, D.C. 20530 |
| <u>Attorneys for Appellees American</u><br><u>Guarantee and Liability Insurance</u><br><u>Company, American Home Assurance Co.</u><br><u>and National Union Fire Insurance</u><br><u>Company</u><br>Robert C. Haase<br>David L. Lynch<br>Robins, Kaplan, Miller & Ciresi LLP<br>2049 Century Park East #3400<br>Los Angeles, CA 90067 | Gary T. Prutsman<br>Disclosure Officer<br>Department of Treasury<br>Internal Revenue Service<br>24000 Avila Road MS 2201 |
| <u>Attorneys for American Guarantee and</u><br><u>Liability Insurance Company, American</u><br><u>Home Assurance Co. and National Union</u><br><u>Fire Insurance Company</u><br>Robert T. Kugler<br>Leonard, Street and Deinard P.A.<br>150 South Fifth Street, Suite 2300<br>Minneapolis, MN 55402 | Laguna Niguel, CA 92677<br>IRS<br>24000 Avilla Road<br>Laguna Niguel, CA 92677 |
| <u>Attorneys for Liberty Mutual Insurance</u><br><u>Company</u><br>Michael Davisson<br>David A. Ring<br>Sedgwick, Detert, Moran & Arnold<br>801 S. Figueroa Street 18th Floor<br>Los Angeles, CA 90017 | Special Agent Steven Berryman<br>IRS<br>24000 Avilla Road<br>Laguna Nigel, CA 92677 |

| | |
|---|---|
| Attorneys for Robert L. Goodrich, Trustee<br>Sam Maizel<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., #1100<br>Los Angeles, CA  90067 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>FRED YASSIAN, an individual; BEVERLY RODEO DEVELOPMENT CORPORATION, a California corporation; and 9615 BRIGHTON WAY, a California general partnership. | **DEFENDANTS**<br>ROBERT D. BRYCE, an individual; BRYCE, PARKER & HILL, LLP, a business organization; CHARLIE HILL, an individual; NELSON, SHELTON & ASSOCIATES, a business organization; SUSAN DELPRETE, an individual et al |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>WEINSTEIN, WEISS & ORDUBEGIAN LLP<br>1925 Century Park East, Ste. 1150<br>Los Angeles, CA 90067   Ph. 310-203-9393   Fax 310-203-8110 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☑ 5 Transferred from another district (specify): Mtn to Withdraw from Bankruptcy Court   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT:** $ NA

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. section 157 = Motion to Withdraw the Reference from Bankruptcy Court

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY / PERSONAL INJURY | PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

## CV08-03618

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 02-01206-PA

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Christina Ticker_  Date June 3, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "black lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |